WHIPPS, APPELLANT, *v.* LOWNEY ET AL., RESPONDENTS.

(No: 2,942.)

(Submitted February 2, 1911. Decided February 14, 1911.)

[113 Pac. 750.]

*Garnishment — Previous Assignment — Indemnity Bond — Payment by Garnishee—Liability of Officer and Sureties.*

1. *Held*, on the authority of *Merchants' & Miners' Nat. Bank* v. *Barnes*, 18 Mont. 335, 56 Am. St. Rep. 586, 45 Pac. 218, 47 L. R. A. 737, that neither a constable, nor a judgment creditor upon whose instruction the former garnisheed and was paid moneys claimed by plaintiff to have previously been assigned to him, of which fact both the constable and the garnishee had knowledge, which funds the

constable applied to the satisfaction of the creditor's judgment, nor the sureties on an indemnity bond given the officer by the judgment creditor, were liable for the money paid over by the garnishee.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by A. E. Whipps against T. V. Lowney and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Canning & Keating,* for Appellant.

In passing upon the motion for a new trial the district judge held that this case was determined by the case of *Merchants' & Miners' Bank* v. *Barnes,* 18 Mont. 335, 56 Am. St. Rep. 586, 45 Pac. 218, 47 L. R. A. 737. But we believe there is such a distinction between this and that case, as makes the *Barnes Case* inapplicable. That action was upon a common-law count for money had and received; the constable was the only defendant in the action. The court there held that the remedy sought was equitable in its nature, and relief is given only where one has received and retains money which in equity and good conscience he should not retain; and on this theory this court applied equitable principles throughout the whole consideration of that case. In the *Barnes Case,* the constable alone was sued; the judgment against him in that action would have caused him personal loss. There is nothing to show that the statutory third-party claim was filed with the officer, or if it was no indemnity bond was required. In this case the constable is not sued alone. All those vitally interested are made parties. Conroy, who ultimately received the money and the benefit of Lowney's act, and those who induced him to give the money to Conroy, on the promise that they would keep him from all harm, are all made parties. They were the real cause of the wrong done to the appellant. The constable will lose nothing, as would the defendant in the *Barnes Case;* the burden will ultimately fall where it rightfully belongs: on Conroy, the man

who got the money. The equities here are rather with the appellant.

When an officer levies upon property of a third person, a stranger to the writ, and applies it upon the judgment, he is guilty of a wrong generally termed conversion. (*Fuller Desk Co.* v. *McDade*, 113 Cal. 360, 45 Pac. 694.)

Where an officer armed with a writ against one person, takes the property of another, the latter may have his choice of numerous actions under the common law: of trespass, trover or conversion, replevin, or, in some cases, even for money had and received; but, in this state all these forms of action are abolished, and relief will be granted in accordance with the facts. (*Logan* v. *Billings R. R. Co.*, 40 Mont. 467, 107 Pac. 467. See, also, Freeman on Executions, sec. 254; Wade on Attachment, sec. 241; *Brownell* v. *McCormick*, 7 Mont. 12, 14 Pac. 651; *Palmer* v. *McMasters*, 18 Mont. 186; *Yank* v. *Bordeaux*, 29 Mont. 74, 74 Pac. 77.) That generally the officer is liable where he takes the property of a third person is the universal rule. (*Lammon* v. *Feusier*, 111 U. S. 17, 4 Sup. Ct. 286, 28 L. Ed. 337; *Shapard* v. *Hynes*, 104 Fed. 440, 45 C. C. A. 271, 52 L. R. A. 675; *Black* v. *Clasby*, 97 Cal. 482, 32 Pac. 564; *Fairbanks* v. *Kent*, 16 Colo. App. 35, 63 Pac. 707.)

*Messrs. Mattison, Cavanaugh & Poore,* for Respondents.

Under the decision of this court in *Merchants' & Miners' Bank* v. *Barnes*, 18 Mont. 335, 56 Am. St. Rep. 586, 45 Pac. 218, 47 L. R. A. 737, we respectfully submit that the action will not lie as against the constable nor against the other respondents, as the act of the respondent constable is the act of the other respondents. If the constable is not liable in this action, it necessarily follows that the remaining respondents are not. The respondent Lowney, as constable, committed no wrong. He paid the money, which he legally obtained, to the creditors of Kelly, the acknowledged owner of the money, and the creditors have committed no wrong. (*Bank* v. *Barnes, supra;* 27 Cyc. 859, and cases cited; *Corey* v. *Webber*, 96 Mich. 357, 55 N. W. 982.)

MR. JUSTICE HOLLOWAY delivered the opinion of. the court.

In November, 1908, an order was made by the district court of Silver Bow county appointing M. D. Kelly, an attorney at law, attorney to represent certain indigent prisoners charged with felonies. Kelly accepted the appointment and in due time performed the services required of him. Before completing his services, Kelly, anticipating the amount which would be due him from the county, assigned his claim to Marco Medin, and notice of the assignment was given to the county clerk. In June, 1909, four county warrants for $50 each were drawn in favor of Kelly for his services, and the clerk noted on each the fact of the Medin assignment. During the same month, M. V. Conroy, who had theretofore recovered judgment against Kelly, caused execution to issue, placed the same in the hands of defendant Lowney, a constable, and directed him to attach any moneys due Kelly from the county. The constable served the process by giving the statutory notice of garnishment to the county clerk, who informed him of the Medin assignment. Proceedings supplemental to execution were then taken, Medin examined, and, upon such examination in the presence of the county clerk or his deputy, Medin testified that he did not have any claim whatever to or upon the money due from the county to Kelly, or to or upon the warrants which had theretofore been issued in favor of Kelly. Thereupon the county turned over to the constable the warrants, which the constable cashed; but before proceeding further he required an indemnity bond from Conroy, which was furnished, with the defendants Canty and Henderson as sureties. The constable then applied the money to the satisfaction of the Conroy judgment. This action was brought by the plaintiff against Lowney, the constable, Conroy, the judgment creditor, and the sureties upon the indemnity bond. The allegations of the complaint, so far as material now, are: That on January 18, 1909, Kelly by an instrument in writing sold, assigned, and transferred to plaintiff all moneys then due or to become due to him from the county on account of ser-

vices rendered and to be rendered by virtue of his appointment to defend the indigent prisoners; that plaintiff immediately notified the county of such assignment, and, before the moneys or warrants were turned over to the constable, plaintiff notified the constable of his claim. All of these allegations are denied in the answers which were filed. The cause was tried to the court sitting with a jury. A separate general verdict was returned in favor of the defendant Lowney, and another in favor of the other defendants; and upon these, separate judgments were rendered and entered. Separate motions for new trials were made and denied, and plaintiff has appealed from each judgment and from each order denying him a new trial.

Upon principle this cause cannot be distinguished from the case of *Merchants' & Miners' Bank* v. *Barnes,* 18 Mont. 335, 56 Am. St. Rep. 586, 45 Pac. 218, 47 L. R. A. 737, and upon the authority of that case we hold that plaintiff does not state a cause of action against any of these defendants. When the county paid over to Lowney, the constable, the money in controversy, it thereby admitted an indebtedness due from it to Kelly, which indebtedness had theretofore been secured to the judgment creditor by virtue of the attachment proceedings. Upon that admission it was the duty of the constable to take the money and apply it to the satisfaction of the Conroy judgment. In doing so the constable did no wrong, and Conroy did none in accepting the payment. If it be a fact that, by virtue of an assignment (if one was made) by Kelly to the plaintiff, the county actually owed the plaintiff, its action in paying over the money to the constable did not release it from its liability to plaintiff, or in any manner prejudice his rights; but before he can maintain an action against any of these defendants, he must show some wrong committed by them. It is not sufficient to show a wrong committed by the county, if one was in fact committed. In so far as the facts of this case differ from those in *Merchants' & Miners' Bank* v. *Barnes,* above, they are immaterial, and do not in any wise affect the principles of law involved. The indemnity bond was not given for the benefit

of the plaintiff, but to protect the constable. If the county had refused to turn over the money to Lowney, and if Conroy had thereupon sued the county, a case similar to *Oppenheimer* v. *First Nat. Bank,* 20 Mont. 192, 50 Pac. 419, would have been presented. But upon the facts disclosed by this record, that case does not have any bearing here.

Upon the authority of *Merchants' & Miners' Bank* v. *Barnes,* above, the judgments and orders are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

(Submitted February 2, 1911. Decided February 23, 1911.)