REID, APPELLANT, *v.* HENNESSY CO. ET AL., RESPONDENTS.

(No. 3,166.)

(Submitted May 2, 1912. Decided May 9, 1912.)

[124 Pac. 273.]

*Assignment of Wages—Rights of Assignor—Misjoinder of Parties—Of Causes of Action.*

Assignment of Wages—Rights of Assignor.
    1.  Assignment of his wages as security for merchandise purchased or to be purchased did not deprive plaintiff assignor of his title to the balance due him after deducting the amount of credit extended, or disqualify him from prosecuting an action therefor in his own name; and the fact that plaintiff's employer had wrongfully paid such balance to another did not discharge it from liability, nor give plaintiff a cause of action against the person to whom it had been so paid.

Pleading and Practice—Parties—Misjoinder—Who may Raise Question.
  2.  Only the party who is improperly joined can raise the question of
  misjoinder.
Same—Causes of Action—Misjoinder.
  3.  To constitute a misjoinder of causes of action, there must be a
  statement of two or more good causes of action; hence there was no
  misjoinder where the complaint, while stating a cause of action against
  one defendant, failed to do so against the other.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by James Reid against the Hennessy Company and others. From a judgment in favor of defendants, plaintiff appeals. Reversed and remanded.

*Mr. Alexander Mackel,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Nolan & Donovan,* submitted a brief in behalf of Respondents; *Mr. T. F. Nolan* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover money due for work and labor performed. The complaint alleges that during October, November and December, 1909, plaintiff worked for the defendant Anaconda Copper Mining Company and earned in such employment $290; that in order to secure credit for merchandise which he needed, he assigned his claim to the defendant Hennessy Mercantile Company, with the understanding that when the money was collected, the mercantile company should deduct the amount of credit extended and pay over to plaintiff the balance; that plaintiff received but three dollars on account of credit extended to him, but that defendant Anaconda Copper Mining Company and defendant Hennessy Mercantile Company each refuses to pay to him any sum whatever. It is further alleged, upon information and belief, that the defendant Anaconda Copper Mining Company has paid the money over to defendant Hennessy Company, and that the Hennessy Company refuses to pay the same or any part thereof to plaintiff. Each

of the defendants appeared separately by demurrer. The demurrers are in all respects similar. Each demurrer is general and special, and, in addition to challenging the sufficiency of the complaint, attempts to attack it upon the ground of misjoinder of parties and misjoinder of causes of action. The district court sustained the demurrer by the defendant Hennessy Mercantile Company and the demurrer of the defendant Anaconda Copper Mining Company, and overruled the demurrer interposed by defendant Hennessy Company. Plaintiff, refusing to amend or plead further, suffered judgment to be entered in favor of defendants Hennessy Mercantile Company and Anaconda Copper Mining Company, and has appealed. The defendant Hennessy Company answered and the cause came on for trial, but upon objection the court refused to permit plaintiff to introduce any evidence as against the defendant Hennessy Company, upon the ground that the complaint does not state a cause of action as against that defendant. Thereupon judgment was entered in favor of defendant Hennessy Company also, and the plaintiff has appealed. The only questions presented arise upon the complaint itself.

1. That the complaint states a cause of action in favor of plaintiff and against the defendant Anaconda Copper Mining [1] Company for wages due is not open to dispute. The mere fact that plaintiff assigned his claim to the defendant Hennessy Mercantile Company, as security for merchandise purchased or to be purchased, did not deprive the plaintiff of his title to the money due him or disqualify him from prosecuting an action therefor in his own name. The complaint alleges facts sufficient to show that the Hennessy Mercantile Company has an equitable interest in the claim, to the extent of credit furnished to plaintiff, and therefore that company was properly made a party defendant, to the end that a complete determination of the controversy be had in one action. (Rev. Codes, sec. 6488.) The complaint does not state a cause of action against the defendant Hennessy Company, and the trial court ruled properly upon the objection to the introduction of evidence. There is not any

privity whatever shown between plaintiff and the Hennessy Company. The fact that the Anaconda Copper Mining Company wrongfully paid the money to the Hennessy Company does not discharge the former defendant or give to plaintiff a cause of action against the latter. The question was set at rest in this state by the decision in *Whipps* v. *Lowney,* 42 Mont. 546, 113 Pac. 750.

There is not any attempt made to state a cause of action as against the Hennessy Mercantile Company; but, as said above, that company was properly made a party defendant; and so far as the general demurrer of the Anaconda Copper Mining Company or the general demurrer of the Hennessy Mercantile Company is concerned, it should have been overruled.

2. The so-called special demurrers are not available to any of [2] the defendants. The demurrer of the Hennessy Mercantile Company attacks the complaint, not upon the ground that it was improperly joined, but upon the ground that the Hennessy Company and the Anaconda Copper Mining Company are not properly united with it in the action as between it and the plaintiff. Likewise the demurrer by the Anaconda Copper Mining Company proceeds only upon the ground that as between the plaintiff and it, neither the Hennessy Mercantile Company nor the Hennessy Company is a necessary or proper party; and the demurrer of the Hennessy Company is subject to the same criticism. It is elementary that one defendant cannot raise an objection of this character in favor of another defendant. It is only the party himself who is improperly joined who can raise the question of misjoinder. (*Cummings* v. *Reins Copper Co.,* 40 Mont. 599, 107 Pac. 904; Bliss on Code Pleading, sec. 411; 30 Cyc. 140.) The several demurrers for misjoinder of parties should have been overruled.

3. It is earnestly insisted by counsel for respondents that the complaint does not state a cause of action in favor of plaintiff and against the defendant Hennessy Company, and with this we agree. But they also insist, with equal earnestness, that there is a misjoinder of causes of action. As said

45 Mont.—30

[3]    before, there is not any attempt to state a cause of action against the Hennessy Mercantile Company; so that, if there is a misjoinder of causes of action, it arises from the fact that a cause of action against the Anaconda Copper Mining Company, for wages due, is joined with some cause of action against the Hennessy Company. But the complaint fails to state a cause of action against the Hennessy Company, and it follows, as of course, that there cannot be a misjoinder. A statement of one cause of action, united with allegations which do not amount to a statement of a different cause of action, cannot constitute a misjoinder. From the very nature of things, to constitute a misjoinder there must be two or more causes of action stated. In 28 Cyc. 389, the rule is announced as follows: "The pleading must contain a complete statement of two or more good causes of action to present a question of joinder. The use of ambiguous expressions which point to a cause of action other than that well stated, or which may be rejected as surplusage, is not sufficient. Hence where but one cause of action is alleged against one of defendants, and no cause of action is alleged against the remaining defendants, there is no misjoinder." Upon principle the same rule is announced by this court in *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775.

The judgment in favor of defendant Hennessy Company is affirmed. The judgment in favor of defendants Hennessy Mercantile Company and Anaconda Copper Mining Company is reversed, and the cause is remanded with directions to overrule the demurrer interposed by each of those defendants. Each party prevailing in this court will recover his costs.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: I dissent from that portion of the foregoing opinion which imposes upon the appellant any of the costs of appeal.