MERCHANTS MUTUAL ASSOCIATION, INC., *Appellant,* v. EUGENE S. MATTHEWS, MRS. MAMIE E. GREEN and W. D. DOUGLASS, as and constituting the Railroad Commission of the State of Florida, et al., *Appellees.*

147 So. 27.

Opinion filed May 30, 1933.

W. B. *Dickenson*, for Appellant;

T. T. *Turnbull*, for Appellees.

BUFORD, J.—Appellant exhibited its bill of complaint in the Circuit Court of Hillsborough County seeking to enjoin the appellees "from molesting, arresting or in anywise interfering with the drivers of the motor vehicles of your orator at any place upon any highway or elsewhere within the State of Florida, upon any charge or by reason of any alleged violation of any regulation of the Railroad Commission of the State of Florida."

It was alleged that the complainant was a co-operative association organized under the laws of the State of Florida as a corporation not for profit and the general nature of the powers and duties of the corporation were fixed by its article of incorporation. That by Article 2 of its articles of incorporation it was provided:

"The general nature of the business to be transacted and carried on by this corporation is:

"To operate and carry on a non-profit co-operative transfer and haulage business for the benefit and convenience of its members and stockholders only, and to perform such service at actual cost thereof.

"To purchase, lease, or otherwise acquire, and to operate one or more motor vehicles and trailers for the transportation of the goods, wares and merchandise, or other personal property, of the members and stockholders of this corporation only, and to transport for them only goods,

wares, merchandise and any other personal property, at and for the actual cost of such service.

"To purchase, lease or otherwise acquire, such real estate, buildings, warehouse, offices and personal property, as may be necessary or convenient for the carrying out of the purposes above set forth.

"The foregoing clauses shall be construed as both objects and powers of this corporation, but no recitation, expression or declaration of specific or special powers or purposes therein enumerated shall be deemed to be exclusive; but it is hereby expressly declared that all other lawful powers are hereby included."

It is alleged:

"And your orator alleges the truth to be that it has during its entire corporate existence, operated and carried on, its business as a non-profit corporation, furnishing and hauling business for the benefit and convenience of its members and stockholders only, and has performed such services at the actual cost, receiving no profit therefrom of any kind whatsoever, either directly or indirectly, and has performed in addition to its said business only its corporate acts that are incidental or necessary thereto, and duly authorized by the said charter, as well as the laws of the State of Florida, all without profit and all at the actual cost of such services or function."

Temporary restraining order was granted. Defendants answered. In the answer it is alleged:

"Answering paragraph 3, these defendants admit that the complainant is authorized under its Articles of Incorporation to operate and carry on a transportation business as set out in article 2 of said paragraph."

"Further answering, these defendants say that they are informed and believe, and therefore allege that complainant does not restrict itself in the transportation of the goods,

wares and merchandise or other personal property of its members and stockholders, but holds itself out to transport for any person or corporation as a common carrier of property for compensation.

"Answering paragraph 4, these defendants say that the complainant is an auto transportation company using the public roads and highways of the State of Florida as a place of business and for compensation, and, therefore, is subject to the jurisdiction and control of the Railroad Commission of the State of Florida under the laws of the State of Florida, and that complainant is required by said law to procure from the Railroad Commission of the State of Florida a permit or Certificate of Public Convenience and Necessity to operate its motor vehicles for the transportation of property for compensation on the said public highways of the State of Florida.

"Answering paragraph 5, these defendants say that Chapter 14764, Laws of Florida, 1931, conferred upon the Railroad Commission of the State of Florida jurisdiction and authority to supervise and control the transportation business of the complainant and makes it the duty of said Railroad Commission to enforce the provisions of said statute and to prevent the violation thereof.

"Further answering, these defendants say that they are informed and believe that complainant is not confining its operations to its members and stockholders only, but is engaged in a general transportation business hauling for those who are not its members and stockholders and in many instances hauling at the same rate prescribed by the Railroad Commission of the State of Florida for use by certificated motor carriers under its jurisdiction."

In the answer was incorporated a motion to dismiss the bill of complaint.

On hearing, the restraining order was dissolved and the

bill of complaint was dismissed. From this order and decree appeal was taken. Appellant filed motion in this Court for an order of *supersedeas* ·and by agreement between counsel the Court heard the ·parties on that motion and considered the case for disposition on the merits.

Chapter 14764, Acts of 1931, provides among other things (Section 1, paragraph "i") :

"The Term 'Private Contract Carrier' where used in this Act shall mean an auto transportation company engaged in the transportation of persons or property over the public highways of this State who is not a common carrier but transports such persons or property under contract for one or more persons, firms or corporations for compensation over such highways, where such carriage consists of continuous or recurring carriage under the same contract."

The appellant is a corporation organized for the express purpose of conducting the business of hauling by use of its motor trucks on the public highways of Florida, for compensation, the goods, wares and merchandise of its stockholders *only*. Under its charter, it must haul for its stockholders at cost and without profit. The pleadings admit that the corporation *does so contract* with and *so serve* its stockholders. The terms of the contract are mere incidents to the transaction of the business.

By limiting its patronage to its stockholders the corporation successfully eliminates itself from the classification of common carriers, but by the very terms of its charter and by· its admitted contracts with its stockholders it brings itself within the purview of the statute regulating "Private Contract Carriers."

Section 4 of Chapter 14764, *supra,* gives the Railroad Commission of the State of Florida supervisory jurisdiction over private contract carriers and requires such carriers

to comply with the provisions thereof before engaging in such business.

The record shows that the appellant has not complied with these previsions of the statute.

It, therefore, follows that the order and decree appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

ELLIS and BROWN, J. J., dissent.

ELLIS, J. (Dissenting).—The opinion turns upon the construction of the sentence "To operate and carry on a nonprofit co-operative transfer and haulage business for the benefit and convenience of its members and stockholders only, and to perform such service at actual cost." That sentence is construed to mean that the corporation in whose charter the sentence occurs is thereby *ex vi termini* created and made a "Private Contract Carrier" within the meaning of Chapter 14764, Acts of 1931.

The Act provides that the term " 'Private Contract Carrier' where used in this Act shall mean an auto transportation company engaged in the transportation of persons or property over the public highways of this State who is not a common carrier but transports such persons or property under contract for one or more persons, firms or corporations for compensation over such highways, where such carriage consists of continuous or recurring carriage under the same contract."

I do not agree that such construction is sound.

BROWN, J., concurs.