CHRISTIE TRANSFER & STORAGE CO., Appellant, *v.* HATCH, Defendant; THOMPSON et al., Interveners and Respondents.

(No. 7,173.)

(Submitted November 27, 1933. Decided January 5, 1934.)

[28 Pac. (2d) 470.]

*Mr. Clarence Hanley*, for Appellant, submitted a brief and argued the cause orally.

*Mr. George W. Howard* and *Mr. P. E. Geagan*, for Respondents, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action is to enjoin defendant Hatch from using the highways of the state as a motor carrier.

The complaint shows that plaintiff is a carrier of property by motor vehicle and the holder of a certificate of public convenience and necessity issued by the board of railroad commissioners; that defendant Hatch is operating as a motor carrier for hire in the same locality, without a permit or certificate from the board of railroad commissioners, and hence is competing with plaintiff and interfering with and injuring plaintiff's business.

After the filing of the complaint, upon leave of court the interveners filed a complaint in intervention. They admit that plaintiff is engaged as a motor carrier holding a certificate from the board of railroad commissioners. They deny that defendant Hatch is operating as a carrier for hire, but admit that he is engaged in transporting merchandise in the same locality in which plaintiff operates, and that his operation

interferes to some extent with the business of plaintiff, and that he holds no certificate from the board of railroad commissioners. They allege that defendant's operations are pursuant to a contract with interveners whereby the defendant but carries the merchandise of interveners as their employee. They allege further that by the institution of this action plaintiff is interfering with their business and with the use of their property, and ask that plaintiff be restrained from such interference and enjoined from commencing or prosecuting actions against them or their agents, servants or employees.

After hearing evidence supporting the allegations of the complaint of plaintiff and the complaint in intervention, the court denied plaintiff's application for injunction and also denied injunctive relief to interveners. Judgment of dismissal followed. Plaintiff has appealed from the judgment.

The facts are undisputed. Interveners take the position that Chapter 184, Laws of 1931, which imposes the obligation upon motor carriers to obtain a certificate from the board of railroad commissioners, is unconstitutional and that therefore the judgment appealed from is correct. Heretofore this court has sustained the validity of this law as against certain constitutional objections. (*Barney* v. *Board of Railroad Commrs.*, 93 Mont. 115, 17 Pac. (2d) 82.) In that case the writer of this opinion took the view that Chapter 184 is unconstitutional. He has not changed his opinion in that regard. The statute is again assailed on grounds not considered in the *Barney Case*. Since the judgment of the trial court must be affirmed on another ground, we need not now consider the other constitutional questions.

The determinative question is: Must one who is carrying merchandise over the highways of the state under the contract here involved, procure from the board of railroad commissioners a certificate of public convenience and necessity?

The contract between the interveners and defendant Hatch is of the following tenor: Interveners agree to purchase a described motor-truck from defendant Hatch for $1,000, paying $100 down and $75 per month for twelve months; the truck is

to be used exclusively for hauling and transporting merchandise sold or purchased by interveners, and for delivery to each other or to the customers of each other; that the expense of upkeep, repair, replacement, operation, including wages for necessary help employed in the operation, management and use of the truck and the purchase price thereof, shall be paid monthly on the basis and ratio of the weight of merchandise carried for each per mile. By its terms Hatch was employed as transportation manager at not less than $6 per day, together with a bonus for good service whenever a majority of the interveners so determine.

The motor vehicle so owned by the interveners, according to the contract, is for convenience held in the name of Merchants' Mutual Service.

Thus it will be seen from the material portions of the contract that Hatch is merely the employee of interveners, employed to operate the truck which is owned by interveners, and to carry merchandise owned by interveners or which was by them sold to their customers.

If we treat Chapter 184 as a valid enactment, the judgment of the trial court must still be affirmed, because the statute does not affect one operating as do the defendant and interveners. The Act as disclosed by its title affects only motor carriers engaged in the transportation of persons and property for hire. It defines a "motor carrier" as a "person or corporation, their lessees, trustees, or receivers appointed by any court whatsoever, operating motor vehicles upon any public highway in the state of Montana for the transportation of persons and/or property for hire, on a commercial basis either as a common carrier or under private contract, agreement, charter, or undertaking." (Sec. 1(h).) Then follow exceptions not important in the consideration of this case.

The words "for hire" are defined in the Act as follows: "The words 'for hire' mean for remuneration of any kind, paid or promised, either directly or indirectly. An occasional accommodative transportation service by a person not in the transportation business shall not be construed as a service for

hire, even though the persons transported shares in the cost or pays for the service.'' (Sec. 1 (i).)

Defendant and interveners are not motor carriers engaged in the business for hire, within the meaning of Chapter 184. (*State* v. *Manhattan Oil Co.*, 199 Iowa, 1213, 203 N. W. 301; *Murphy* v. *Standard Oil Co.*, 49 S. D. 197, 207 N. W. 92; *Holmes* v. *Railroad Commission*, 197 Cal. 627, 242 Pac. 486; *Griffin* v. *Murphy*, 51 S. D. 50, 211 N. W. 804; *Collins-Dietz-Morris Co.* v. *State Corp. Commission*, 154 Okl. 121, 7 Pac. (2d) 123, 80 A. L. R. 561.)

Interveners are simply using their own truck to transport their own merchandise; they do not operate for hire. Defendant is merely the employee of interveners and is likewise not operating for hire, within the meaning of the Act. (*Holmes* v. *Railroad Commission*, supra.)

The district court properly dismissed the proceeding. The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.