BOARD OF RAILROAD COMMISSIONERS ET AL., APPEL-
LANTS, v. REED, RESPONDENT.

(No. 7,533.)

(Submitted May 18, 1936.   Decided May 27, 1936.)

[58 Pac. (2d) 271.]

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Albert H. Angstman,* Counsel for the Board of Railroad Commissioners, and *Mr. Rudolph Nelstead,* County Attorney of Custer County, for Appellants, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. Daniel L. O'Hern,* for Respondent, submitted a brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In August, 1935, the Board of Railroad Commissioners commenced a suit to enjoin the defendant, Homer Reed, from operating motor vehicles on the state highways for the transportation of property for hire on a commercial basis, either as a common carrier or under private contract, unless and until

he secured from the plaintiff the necessary authority to do so. An order to show cause, with a temporary restraining order, was issued. The defendant answered, alleging, in effect, that he was the employee of the "Miles City Shipping Association," a voluntary association of business men banded together for the purpose of handling only the shipping of the goods of the associates, under contract of date July 20, 1935. The contract was attached to and made a part of the answer. The defendant alleged that the plaintiff had no interest in, or control over, the business of the associates, but by interference was causing them great and irreparable injury, and prayed that it be enjoined from further interference with such business. The new matter in the answer was denied by reply and a hearing had on plaintiff's application for a temporary injunction, and, on the evidence adduced, the court denied the application. The plaintiff has appealed from the order.

The defendant urges two grounds on which, in the opinion of his counsel, the order should be affirmed: First, the decision in a similar case [*Christie Transfer Co.* v. *Hatch,* 95 Mont. 601, 28 Pac. (2d) 470], and, second, that the members of the association named were not made parties to the suit.

The Hatch opinion is not necessarily controlling here, as the question there determined was that, conceding that the association which Hatch represented, and his contract with the members who intervened in the suit, were bona fide, did Chapter 184, Laws 1931, require a certificate of public convenience to be secured before the association was entitled to the use of the highway in the transportation of its merchandise? In the case at bar it is contended that the organization of the association and the contract constitute but an attempt to evade the law, and that the testimony of Reed, the defendant, shows that such was the fact. For reasons later appearing, we will not canvass the evidence, but will call attention to the following rules governing in such cases, when properly before the court:

"The public highways belong to the people for use in the ordinary way. Their use for the purpose of gain is special

and extraordinary, and generally may be regulated by the state; * * * for the protection of the state highways there is no reason why private carriers, equally with the public ones, should not be required to obtain certificates. * * * Regulation by means of such certificates is reasonably devised to protect the public from abusive use of the roads, and from the evils incident to unregulated competition." (*Barney* v. *Board of Railroad Commrs.*, 93 Mont. 115, 17 Pac. (2d) 82, 85.)

"The regulation of motor transportation for the protection of the public is a legitimate and wise exercise of the police power of the state, and courts generally have not been inclined to excuse the increasing number who earn their livelihood by the use of the public highways for the transportation of persons and property for hire from the responsibilities of common carriers on merely technical grounds, and they are particularly slow to excuse them when the plan of operation bears evidence of a studied attempt to reap the rewards of common carriers without incurring the corresponding liabilities." (*Stoner* v. *Underseth*, 85 Mont. 11, 277 Pac. 437, 441.)

"Contrary to popular opinion, mere schemes to evade law, once their true character is established, are impotent for the purpose intended. Courts sweep them aside as so much rubbish" (*Davis* v. *People*, 79 Colo. 642, 247 Pac. 801, 802), and "no form of subterfuge or evasion will prevent the courts from going behind the form to the substance" (*Claypool* v. *Lightning Delivery Co.*, 38 Ariz. 262, 299 Pac. 126, 128; *Terminal Taxicab Co.* v. *Kutz*, 241 U. S. 252, 36 Sup. Ct. 583, Ann. Cas. 1916D, 765, 60 L. Ed. 984). This is the rule in this state even when those seeking to evade liability or responsibility form a corporation. (*Scott* v. *Prescott*, 69 Mont. 540, 223 Pac. 490.)

However, even though the evidence before the court might warrant a finding that the organization of the association was a mere subterfuge to evade the law, the trial court was in no position to so find, nor can this court put the trial court in error for failing to so find, for—unlike the situation in the *Hatch Case*, above—the members of the association were

not before the court and, if rights they have, their rights cannot be taken from them without giving them their "day in court." This is fundamental. "All parties to a contract are ordinarily indispensable parties to a bill in equity for its enforcement, or for its rescission * * * or to enjoin its performance." (21 C. J. 281.) "The acts of an unincorporated association cannot be enjoined in a suit against the officers alone, in the absence of a statutory provision authorizing such procedure." (32 C. J. 299.) Here, according to his testimony, Reed was the manager of the association; he alone was made a party defendant. The members of the association, vitally interested in the contract between them and Reed, if it is a valid contract, should have been joined with Reed as parties defendant (sec. 9078, Rev. Codes, 1921), or the association might have been sued as such (sec. 9089, Id.).

If the plaintiff did not know of the association at the time it instituted the suit against Reed, on the filing of his answer at the time set for the hearing, counsel should have asked for a continuance and reframed his pleadings to bring the association into the case to the end that a complete determination of the rights of all interested parties might be had (*Reid* v. *Hennessy Co.*, 45 Mont. 462, 124 Pac. 273), or the association might have been brought in on order of the court. (Sec. 9090, Rev. Codes 1921.)

In the absence of the association as a party defendant, the court could not declare the contract to be a sham and subterfuge, and, consequently, on the authority of the *Hatch Case,* above, was justified in denying the temporary injunction.

Judgment affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.