LOWE et al. v. PUBLIC SERVICE COMMISSION et al.

No. 7283.   Decided October 19, 1949.   (210 P. 2d 558.)

See 60 C. J S., Motor Vehicles, sec. 94. Regulations affecting carriers, see note, 6 A. L. R. 2d 878 See, also, 9 Am. Jur. 449.

*Musser & Gibson,* Salt Lake City, for plaintiffs.

*Clinton D. Vernon,* Attorney General, *Calvin L. Rampton,* Salt Lake City, for defendants.

WADE, Justice.

Petitioners, George A. Lowe, Strevell-Paterson Hardware Company and Salt Lake Hardware Company, each a separate corporation engaged in the hardware business, ask for a Writ of Prohibition against the Public Service Commission of Utah seeking to prohibit it from assuming jurisdiction over petitioners in their use of the public highways for the purpose of transporting the merchandise of each of the petitioners on the ground that they are neither contract nor common carriers by motor vehicle, but that each one of them is using its own vehicle and employees to haul its own goods. Petitioners allege that they are not contract nor common carriers by motor vehicle, and, therefore, are not subject to the jurisdiction of the Commission.

Are the petitioners contract or common carriers by motor vehicles?

The facts are not in dispute. In October, 1948, the petitioners entered into a written agreement among themselves to rent a truck to transport the separate goods of each of the

corporate petitioners between Ogden and Salt Lake City, Utah, upon the following terms:

"1. That the parties hereto each agree to employ a supervisor and a person or persons to drive said truck, and

"2. That each of the parties hereto hereby agrees to pay the supervisor his salary for the separate time he is employed by it and to pay the truck driver the salary for the pro rata time he operates for it, and

"3. Each of the parties hereto hereby agrees to pay his separate pro rata share of any rentals and expenses of said automotive equipment, and

"4. That each of the parties hereto is to direct the operation of the said employees as to its separate use of said equipment and said employees."

Pursuant to this agreement, the petitioners have rented a truck and have employed a driver and a supervisor who supervises the use of the truck, keeps track of the pro rata share of the expenses of each and submits to each a statement of such expenses every two weeks. The checks are then sent to the supervisor to be distributed in accordance with the statement for salaries, gasoline, oil and upkeep of truck, and other incidental expenses.

Petitioners have never applied and have never been granted a permit to operate as contract carriers by motor vehicle and the commission has informed them that it will take necessary legal steps to prevent them from using trucks to transport their goods in the manner outlined above.

Sec. 76-5-13, U. C. A. 1943, defines a contract carrier of property as meaning,

"any person engaged in the transportation by motor vehicle of property for hire and not included in the term common motor carrier of property as hereinbefore defined." A " 'Person' means and includes an individual, firm, copartnership, corporation, company, association, or their lessees, trustees or receivers."

It is the contention of respondents that by the terms of the agreement we have set out above petitioners have in

fact formed a partnership or association for the purpose of transporting property over the public highways for a profit and that this association or partnership comes within the meaning of the term contract carrier as defined in the Act. That the profit takes the form of savings which the parties to the agreement hoped to make by forming this type of association.

The question of whether petitioners are engaged in the business of a contract carrier resolves itself in the determination of whether by their agreement among themselves they have thereby formed an association which has entered into a separate enterprise the purpose of which is the transportation of property for hire within the meaning of the Act and not as an incident to each corporate petitioner's business, each separately employing the truck and driver and supervisor to carry its own goods as hardware merchants.

Petitioners argue that because only property belonging to each separate corporation is transported and the expenses shared on a pro rata basis and no profits can accrue to the separate corporations from the transactions, that, therefore, these transactions do not constitute the doing of business independently of their individual businesses as hardware merchants, but are merely an incidental part thereof. In support of their contention that these transactions do not bring them within the Act and subject to regulation by the Commission, they cite *Holmes* v. *Railroad Commission*, 197 Cal. 627, 242 P. 486; *Board of Railroad Commissioners* v.*Gamble-Robinson Co.* 111 Mont. 441, 111 P. 2d 306, and *Christie Transfer & Storage Co.* v. *Hatch*, 95 Mont. 601, 28 P. 2d 470.

In the *Holmes* v. *Railroad Commission* case, supra, the California court held that a person who leased his truck to various shippers of goods, on a per diem rental based on the amount of space used in his truck was in reality a carrier of property for compensation for other persons and subject to the jurisdiction of the Railroad Commission. In so holding the court said 197 Cal. on page 638, 242 P. on page 490:

"* * * One who transports merely his own freight over the highway is not a carrier, private or otherwise. He may be a farmer or a manufacturer or a merchant or what not, but the business in which he is engaged is not the business of transportation. He is not a carrier unless he engages in the business of transportation of the persons or property of others for compensation. One, who transports merely his own goods, is of necessity engaged in some business other than transportation, and the transportation of such goods is no more than an incident to such business. * * * But one, who engages as an independent calling in the transportation of goods for another or for others under contract and for compensation, is engaged in the business of transportation and is a carrier. * * *"

However, in spite of the fact that the court recognized that the transportation of one's own goods as an incident to a business did not subject one to regulation by the Commission, it nevertheless held that merely because the shippers of the goods purported to lease the truck did not change the nature of the transactions and that the owner of the truck was really engaged in the business of transportation of goods for compensation.

In the *Board of Railroad Commissioners* v. *Gamble-Robinson Co. et al.*, supra, each of the companies transported its own property as an incident to its business. In the case of *Christie Transfer & Storage Co.* v. *Hatch,* supra, the facts are somewhat similar to the case at bar. There a number of concerns bought a truck from Hatch, which for convenience was held in the name of a third person and employed Hatch to haul and transport merchandise bought or sold by each concern for delivery to such concern or its customers. The expenses were to be shared by each of the owners of the truck on a pro rata basis depending upon the weight of merchandise carried for each per mile. Hatch was employed as a manager at a certain wage per day. The court held in that case that Hatch was not a contract carrier for hire within their statute requiring a certificate of convience and necessity, but was merely an employee of each of the owners of the truck employed to transport goods belonging to such owner or being delivered to its

customers. While this case seems to sustain petitioner's contentions, there is a difference in the facts as shown there and in the case at bar. In the *Christie Transfer & Storage Co.* case, it does not appear that the owners of the truck contracted with each other to do the things done there, whereas in the instant case we have a contract between the lessees of the truck wherein by contracting with each other to lease the truck, employ a driver and a supervisor and share expenses, they have entered into an association to transport goods and it is this association which operates this truck rather than the separate corporations composing it. Even though petitioners insist that each is acting individually under their agreement, the true effect of it is that they, as an association, employ a supervisor whose whole time is taken up in finding out who is to use the truck at particular times and arranging a schedule in accordance with the needs of each member so that the assets of the association can be utilized to the best advantage of all the members. This supervisor keeps track of each individual member's share of the expenses, advises it of them and then upon receipt of funds distributes the amounts to the persons to whom these are due. His acts are those of a manager of a separate business and his activities are devoted to that business rather than to the individuals comprising the association. This is true, also, of the driver. He is never in the employ of any one individual at any given time, but is always in the employ of all in their character as an association. We are aware that in *State ex rel. Fohl* v. *Karel,* 131 Fla. 305, 180 So. 3, the Florida court had before it for determination from facts somewhat similar to those in the case at bar, with the exception that no agreement between them is mentioned in the opinion, whether the activities of co-owners of a truck used for transportation of each owner's merchandise were that of a contract or common carrier. The court there held that the truck was being operated by each individual as an incident to his own business, but even if it had been an association or partnership that such association or partnership was not in the business of transporting goods

for compensation. We cannot agree with the reasoning of this case. We are more inclined to agree with the decision of this same court in its case of *Merchants' Mutual Ass'n* v. *Matthews*, 110 Fla. 325, 149 So. 27, where because the individuals concerned had incorporated it was readily discernible that it was engaging in an independent business of transporting property for hire. In that case the corporation was organized to transport property of stockholders only, at cost and without profit. The court there held that since the express purpose of the corporation was the transportation of property, the fact that it contracted with its stockholders to serve only them, at cost and without profit, did not change its character of being an independent business and the contracts with the stockholders were mere incidents of this business and, therefore, it came within the provisions of the Act because its business was transporting property under contract for one or more persons for compensation.

Since there is here an association which is a separate and distinct concern from the individual corporations composing that association and which is carrying on this transportation business, then it is operating that business for hire since the member corporations pay it for such service by paying the wages and other costs and operating expenses. It is not necessary for the association to make an additional profit.

As we have shown, Sec. 76-5-13, U. C. A. 1943, defines a "person" as including

"an individual, firm, copartnership, corporation, company, *association,* or their lessees, trustees or receivers." (Emphasis ours.)

By its contract petitioners had formed themselves into an association for the purpose of transporting property as an independent business just as much as the individuals who formed the corporation in the *Merchants' Mutual Association* case, supra, had done. Bouvier's Law Dictionary, Rawle's Third Revision, defines association as the

"act of a number of persons in uniting together for some purpose," and says further:

"In the United States this term is used to signify a body of persons united without a charter, but upon the method and forms used by incorporated bodies for the prosecution of some enterprise."

The word "person," of course, refers to corporations as well as individuals. The peitioners by their contract agreed with each other to do as a separate association what a corporation would have done under a charter, that is, get equipment for the purpose of transporting property, hire employees to supervise this business and other or the same employees to do the actual transporting of the goods. Since our Act includes in the term "person" associations as well as corporations, firms, partnerships, etc., it was clearly the intention of the legislature to include the transactions entered into here by petitioners and the Commission has jurisdiction over such activities.

The alternative writ of prohibition heretofore issued by this court is hereby recalled. Costs to respondents.

LATIMER and McDONOUGH, JJ., concur.

PRATT, Chief Justice, dissents.

WOLFE, Justice (concurring).

I concur. I also agree that the core of the reasoning lies in the association for the transportation.

If each party having hauling to do would separately and independently lease for its hauling the same truck, using its own employees to do the hauling, there would be no association. If they employed the same driver, each paying his wage for the time he worked for each, and the work for each was separate, and they did not associate to employ him, I cannot see that the commission would have jurisdiction. If the apparent separate employments of the same individual were to cover up an actual association the case

might be different. If the owner of the truck were the one employed to drive the truck ostensibly by each separately, the arrangement would bear closer scrutiny to determine whether it were not an arrangement to cover what was actually a contract carrier or in reality done associately. Still more closely if the same leased truck with an owner-driver hauled on the same trip goods or property of several lessees. But merely because the same truck was leased at different times by different firms or even if the same driver were employed to drive it, the commission would not have jurisdiction unless it were shown that there was such arrangement centering around the common truck and common firm from which it could be inferred that the arrangement arose to the level of such cooperation that it could be inferred that the parties were in association.

We must look behind the arrangement to the purposes which the legislature had in mind when it made contract carriers subject to the jurisdiction of the Commission. The purpose was to provide service to the shipper as well as the incidental purpose of regulating the use of the highways for motor traffic. In order to provide adequate common motor and contract motor service, the legislature intended to give the commission power to grant franchises for the same and to make the issuance of such franchises conditioned on the convenience and necessity of the public. But convenience and necessity of the public was directly tied into regulation of rates and regulated competition so that those obtaining franchises might remain solvent for an insolvent motor carrier would not long serve the convenience and necessity of the public. The law could not or at least did not see fit to prevent an owner or a business from carrying his or its own property, but when two or more joined or associated themselves in a project to carry each other's property, or theoretically each individual person's or firm's property conjointly with that of other individuals or firms, such association or joint venture took the place of the contract motor carrier and became in effect such carrier, and if the true contract

carrier or common carrier were not protected, the effect would be the same as if so many carriers had been granted franchises that none could profitably exist. We must take a realistic view of the actualities of the situation.

In supplementing the reasoning of the main opinion with the above observations it becomes evident that I do not think that the case of *Christie Transfer & Storage Company* v. *Hatch,* 95 Mont. 601, 28 P. 2d 470, presents any real distinction from the instant case. The only distinction I see is that the agreement in that case was verbal while in this case it is written. From our point of view it must be considered as being wrongly decided.